Esther LOWINGER, Chaoxu Zhao, Plaintiffs–Appellants,

and

Jere White, Plaintiff,

v.

PZENA INVESTMENT MANAGEMENT, INC., Richard C. Pzena, Goldman Sachs & Co., Inc., UBS Securities LLC, Defendants–Appellees.

No. 08–4932–cv.

United States Court of Appeals, Second Circuit.

Aug. 13, 2009.

Jeffrey S. Abraham, Abraham, Fruchter & Twersky LLP, New York, N.Y. (Avi S. Garbow, Jason Leviton, Cohen, Milstein, Hausfield & Toll, PLLC, Washington, DC, on the brief), for Plaintiffs–Appellants.

Brian H. Polovoy (E. Alexandra Dosman, on the brief), Shearman & Sterling LLP, New York, NY, for Defendants–Appellees Pzena Investment Management, Inc. and Richard S. Pzena.

Eric F. Leon (William H. Pratt, Jay P. Lefkowitz, Lisa V. LeCointe, on the brief), Kirkland & Ellis LLP, New York, NY, for Defendants–Appellees. Goldman Sachs & Co. and UBS Securities LLC.

PRESENT: GUIDO CALABRESI, B.D. PARKER, and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants Esther Lowinger and Chaoxu Zhao ("Appellants") appeal from an oral decision of the United States District Court for the Southern District of New York (Hellerstein, *J.*). The district court granted the motion of Defendants–Appellees Pzena Investment Management, Inc. ("Pzena"), Richard C. Pzena, Goldman Sachs & Co., Inc. and UBS Securities LLP to dismiss the complaint, which had asserted claims under sections 11 and 12(a)(2) of the Securities Act of 1933, 15 U.S.C. § 77k and 77l(a)(2). *See* Fed.R.Civ.P. 12(b)(6). The district court concluded that the complaint failed to state a claim for which relief could be granted. We assume the parties' familiarity with the underlying facts, procedural history and issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *E & L Consulting, Ltd. v. Doman Indus. Ltd.*, 472 F.3d 23, 28 (2d Cir.2006). We accept all allegations made in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 591–92 (2d Cir.2007). The complaint's factual allegations must be sufficient to raise a right to relief above the speculative level. *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). When considering whether a complaint states a claim under the Securities Act, "we examine the prospectus together with the allegations contained on the face of the complaint." *I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*, 936 F.2d 759, 762 (2d Cir.1991).

Sections 11 and 12 impose civil liability on certain parties in connection with the registration and sale of securities. Specifically, liability accrues if either the registration statement or prospectus includes any "untrue statement of a material fact or

[an omission of] a material fact" that is "necessary to make the statements" found therein not misleading. 15 U.S.C. §§ 77k, 77l(a)(2). An omission is material "if there is a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the total mix of information made available." *In re Int'l Bus. Machines Corp. Sec. Litig.*, 163 F.3d 102, 106 (2d Cir.1998) (quotation marks and citation omitted).

Whether a statement is materially misleading is a "fact-specific" inquiry. *Basic, Inc. v. Levinson*, 485 U.S. 224, 240, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988). For example, when examining a prospectus, even if particular statements, "taken separately, were literally true," they are actionable if "taken together and in context, [they] would have misled a reasonable investor about the nature of the [securities]." *McMahan & Co. v. Wherehouse Entertainment, Inc.*, 900 F.2d 576, 579 (2d Cir. 1990). To assess the nature of a prospectus's representations, therefore, the prospectus is read as a "whole." *Id.* However, as a general matter, "[c]ertain alleged misrepresentations in a stock offering are immaterial as a matter of law because it cannot be said that any reasonable investor could consider them important in light of adequate cautionary language set out in the same offering." *Halperin v. eBanker USA.com, Inc.* 295 F.3d 352, 357 (2d Cir. 2002).

■ Here, the Appellants conceded before the district court and at oral argument that the challenged statements in the prospectus were literally true. Nonetheless, they argue that, as written, the statements mislead regarding the extent to which Pzena remained attractive to investors and, in turn, would be able to increase its assets under management ("AUM") in the future. According to the Appellants, these statements created an inaccurately positive image of Pzena's operations in light of news reports from November 2007 that net redemptions from Pzena's largest sub-investment advised client, the John Hancock Classic Value Fund ("Fund"), were averaging $20 million a day between October 1, 2007 and October 24, 2007, the date of Pzena's initial public offering ("IPO").

The Appellants' contentions are based on a selective reading of both the statements highlighted in the Amended Complaint and the prospectus as a whole. The statements (1) indicate that Pzena's AUM fell approximately $2.1 billion as a result of market depreciation in the quarter ending approximately three weeks prior to the IPO, which was partially offset by $400 million in net inflows; and (2) imply that withdrawals of client funds played a secondary role in the re-opening of certain Pzena investment strategies. The prospectus contained numerous direct warnings about the impact of market depreciation on the Fund's investment in particular and Pzena's AUM more generally, including that market depreciation would "tend[ ] to result in" and "would be expected to ... caus[e]" the withdrawal of funds from Pzena's investment strategies, thereby negatively impacting Pzena's revenues and income.

■ Taken together, the disclosure of a significant decline in Pzena's AUM and the warnings would have made a reasonable investor aware that the Fund and other investors were likely to withdraw assets from Pzena's investment strategies and sub-advised funds. The prospectus's disclosure that the primary reason for the re-opening of Pzena's investment strategies was an increase in the strategies' "investable universes" and that a net inflow of $400 million from all clients, not merely the Fund, occurred in the quarter prior to the IPO does nothing to demonstrate that the

warnings did not directly disclose or relate to the risk of withdrawals that the Appellants allege was the source of their loss. *See Halperin,* 295 F.3d at 359 (explaining that, where a motion to dismiss is predicated on cautionary language present in a securities offering, Appellants must "overcome the existence of such language .... by showing, for example, that the cautionary language did not expressly warn of or did not directly relate to the risk that brought about the plaintiffs' loss"). Moreover, while the prospectus explained why Pzena had reopened some of its own investment strategies, the prospectus contained no information, let alone any misleading information, regarding whether or why John Hancock had re-opened the Fund.

The Appellants' contention that Pzena failed to disclose a materially adverse trend in its business operations by not publicizing the Fund's net redemptions is similarly unpersuasive. Under Item 303 of SEC regulation S–K, a registrant must "[d]escribe any known trends or uncertainties that have had or that the registrant *reasonably expects* will have a material favorable or unfavorable impact on *net sales or revenues or income* from continuing operations." 17 C.F.R. § 229.303(a)(3)(ii) (emphases added). The prospectus fulfilled this obligation by disclosing the market-depreciation-driven decline in Pzena's AUM for the quarter prior to the IPO and warning that this development could be expected to result in withdrawals from Pzena's investment strategies and lower revenues and income. *See Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1192 (11th Cir.2002) (stating that the essential obligation imposed by Item 303 is to explain in the prospectus "[i]f there has been an important change in your company's business or environment that significantly or materially decreases the predictive value of your reported results" so as to prevent "the latest reported

results from misleading potential investors").

We have reviewed the Appellants' remaining arguments and find them to be without merit.

For these reasons, the judgment of the district court is AFFIRMED.